UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRACY L. KOTCHMAN and**
**RONNIE S. KOTCHMAN,**

    **Plaintiffs,**

v.                                                                  Case No. 8:15-cv-2482-T-30JSS

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE CO.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (Dkt. 6) and Defendant's Response in Opposition (Dkt. 7). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiffs Tracy L. Kotchman and her husband Ronnie S. Kotchman commenced this action on or about September 17, 2015, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Tracy Kotchman seeks uninsured motorist benefits against Defendant State Farm Mutual Automobile Insurance Co. related to an automobile accident. The complaint requests past and future damages for: "bodily injury; great physical pain and suffering; disability and inability and loss of capacity to lead and enjoy a normal life;

inconvenience; physical impairment; disfigurement and scarring; mental anguish; loss of or diminution of earning or earning capacity; permanent injury within a reasonable degree of medical probability; medical and related expense, past and future, incurred in seeking a cure for her injuries; and aggravation of an existing disease or physical defect." (Dkt. 2).

On October 2, 2015, State Farm was served with the complaint. On October 21, 2015, State Farm timely removed the complaint to this Court based on diversity jurisdiction. The notice of removal indicates that the parties are diverse and Kotchman's damages exceed the amount in controversy. State Farm relies, in relevant part, upon the allegations in the complaint, Kotchman's civil remedy notice that indicates her damages exceed the "available insurance," and Kotchman's medical bills to date that indicate charges in the amount of $463,648.20.

Plaintiffs now move to remand the case; they argue that State Farm did not establish complete diversity and that the amount in controversy exceeds $75,000.00. Plaintiff's motion is without merit.

**DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the

amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Plaintiffs first argue, in one paragraph of their motion, that State Farm made "conclusory statements that the Plaintiff was a citizen of Florida and that the Defendant was

a citizen of Illinois." (Dkt. 6). This argument is frivolous. State Farm adequately alleges complete diversity. And Plaintiffs do not argue that they are not citizens of Florida.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that State Farm met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. The complaint alleges extensive damages associated with significant personal injury—indeed, the medical charges to date are $463,648.20, well in excess of the jurisdictional limit. It would "suspend reality" to conclude that the damages do not exceed $75,000. And Plaintiffs' arguments to the contrary are without merit. Notably, Plaintiffs rely on outdated case law that does not apply to a removal filed within thirty days of service.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand (Dkt. 6) is denied.

**DONE** and **ORDERED** in Tampa, Florida on November 13, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record