UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY L. KOTCHMAN and RONNIE S.
KOTCHMAN,

    Plaintiffs,

v.                                                                                           Case No: 8:15-cv-2482-T-30JSS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.
_____/

**ORDER ON DEFENDANT'S AMENDED MOTION TO STRIKE WITNESSES**

THIS MATTER is before the Court on Defendant's Amended Motion to Strike Witnesses ("Motion") (Dkt. 34), and Plaintiffs' response in opposition (Dkt. 36). For the reasons that follow, the Motion is denied, but to ameliorate any prejudice to Defendant, discovery is reopened for the limited purpose of allowing Defendant to take discovery regarding the disclosures contained in Plaintiffs' letter dated December 12, 2016.

**BACKGROUND**

In the Complaint, Plaintiff Tracy Kotchman alleges that she was injured by an uninsured or underinsured motorist in a car accident in October 2011, suffered, among other things, bodily injury, physical pain and suffering, and mental anguish, and incurred past and future medical expenses. (Dkt. 2 ¶¶ 4, 6.) Ms. Kotchman and her husband sue Defendant, their automobile liability insurer, for uninsured/underinsured motorist coverage, requesting damages, including Ms. Kotchman's medical expenses. (Dkt. 2 at 3–4.)

**APPLICABLE STANDARDS**

As part of a party's initial disclosures, a party must provide names and contact information for "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," copies or descriptions of all documents in the disclosing party's possession that the party may use to support its claims or defenses, and "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A). Additionally, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Such expert testimony disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

A party must supplement or correct initial and expert disclosures and responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A), (a)(2)(E). If a party fails to supplement its disclosures or discovery responses as required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The "party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless." *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006). Courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).

## ANALYSIS

In the Motion, Defendant seeks an order striking witnesses and their opinions, records, and bills disclosed by Plaintiffs on December 12, 2016, three days before the close of discovery. (Dkt. 34.) In September 2016, Defendant served interrogatories on Plaintiffs, requesting the names of Ms. Kotchman's treatment providers not previously disclosed and any information about her appointments, procedures, or surgeries scheduled from the date of the interrogatories through trial. (Dkt. 34 ¶ 7.) On October 18, 2016, Plaintiffs answered the interrogatories, listing no new providers, but indicating an upcoming appointment for a thoracic spine surgical consultation with a previously disclosed provider, Dr. Thomas Tolli. (Dkt. 34 ¶ 8.) Ten days later, Plaintiffs supplemented their answers, indicating an upcoming appointment with a different, but also previously disclosed, provider, neurosurgeon Dr. Donald Smith. (Dkt. 34 ¶ 9.)

Then, on December 12, 2016, three days before the close of discovery (Dkt. 30), Plaintiffs sent a letter to Defendant's counsel advising that Ms. Kotchman:

- had a thoracic spine surgical consultation appointment on December 8, 2016, with a previously *undisclosed* provider, Dr. Juan Uribe;

- has a pain consultation appointment scheduled for December 14, 2016, with a previously *undisclosed* provider, Dr. Danya Godoy;

- had an office visit with a psychiatrist on October 17, 2016, with a previously *undisclosed* provider;

- had two neuropsychological evaluations, one on November 30, 2016, and one on December 7, 2016, with a previously *undisclosed* provider, Dr. Shivani Saible; and

- has an upcoming office visit, scheduled for December 28, 2016, with a previously *undisclosed* provider, Dr. Judy Luden.

("Letter") (Dkt. 34 ¶ 10.) The Letter enclosed Ms. Kotchman's records from her consultations with Dr. Uribe and Dr. Saible, and, on December 20, 2016, Plaintiffs provided records from Ms.

Kotchman's consultation with Dr. Godoy ("Enclosures" and, together with the Letter, "Disclosures") (Dkt. 34 ¶ 10, n.2.)

Defendant argues that the Disclosures are prejudicial because (1) these new providers were disclosed on the eve of the close of discovery, (2) some of the treatment disclosed occurred weeks (and, in one case, months) before the Disclosures were made and was not disclosed as part of Plaintiffs' answers to Defendant's interrogatories, and (3) Plaintiffs had not previously disclosed that Ms. Kotchman was receiving psychiatric treatment. (Dkt. 34 ¶¶ 11–13.) Because Defendant's deadline to disclose expert witnesses had passed (Dkt. 25), Defendant is unable to retain an expert to rebut, to the extent Plaintiffs intend to offer, opinions regarding Ms. Kotchman's psychological condition. (Dkt. 34 ¶ 14.) And, because the Disclosures were made three days before the close of discovery, Defendant was effectively precluded from propounding discovery regarding the Disclosures and conducting depositions of the newly-disclosed providers. (Dkt. 34 ¶¶ 15, 27–32.) Thus, Defendant argues, to the extent Plaintiffs introduce the Enclosures as evidence, call these newly-disclosed providers as witnesses or introduce their expert opinions, or rely on the Enclosures in their claim for damages, Defendant will be prejudiced. (Dkt. 34 ¶¶ 32–35.)

In response, Plaintiffs argue that they have disclosed Ms. Kotchman's treatment on an ongoing basis as well as the names of her providers. (Dkt. 36 ¶ 8.) Since the time of their initial disclosures (exchanged on January 1, 2016, Dkt. 11), Plaintiffs state that Ms. Kotchman "has been referred to additional physicians who have performed additional tests and have recommended the Plaintiff see a psychologist for treatment of possible post traumatic stress disorder resulting from the car accident" and "has been referred for a surgical consult regarding possible thoracic spine surgery to treat her ever deteriorating condition." (Dkt. 36 ¶ 4.) Her potential diagnosis of PTSD

and her potential need for spinal surgery, Plaintiffs state, were not known to them at the time of the initial disclosures. (Dkt. 36 ¶ 5.)

Plaintiffs argue that the Motion should be denied because they have supplemented their discovery responses (Dkt. 36 ¶¶ 8, 11), but have not been required to amend their disclosures of experts or witnesses because:

> The Plaintiff has not yet received any definitive evaluation and determination of causal relationship concerning this potential psychological injury as the Plaintiff has just been referred to a specialist for additional diagnosis and treatment. The actual diagnosis as well as the opinion of the specialists regarding causation from the accident of October 5, 2011, has not been yet rendered. As such, any amendments to the disclosures of experts or witnesses expected to be called at trial would be premature until such time as the Plaintiff receives confirmation from the treating physicians that the psychological injury and spinal complications were caused by the aforementioned accident.

(Dkt. 36 ¶ 6.) Plaintiffs acknowledge, however, that "the new potential diagnosis of PTSD or additional spinal surgery [could] necessitate [Defendant's] hiring of an expert qualified to examine this claim and testify regarding the same," and suggest that "[g]iven the existing potential for evolving damages related to the accident [ ], it would be appropriate to continue the scheduled trial of this matter until such time as this issue can be adequately reviewed and evaluated by all parties." (Dkt. 36 ¶ 9.)

It is unclear whether Plaintiffs made the Disclosures as supplemental responses to Defendant's interrogatories or as supplemental Rule 26 disclosures. Regardless, Plaintiffs are under the duty to supplement their Rule 26 disclosures and discovery responses "in a timely manner" upon learning that the disclosures or responses are "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Plaintiffs do not state whether they intend to call the treatment providers as witnesses at trial, introduce evidence at trial relating to Ms. Kotchman's newly-disclosed treatment, introduce previously-undisclosed expert opinions

regarding Ms. Kotchman's potential PTSD diagnosis or need for spinal surgery, or use information contained in or related to the Disclosures to support their damages calculation.  Plaintiffs, however, contemplate using the information in the Disclosures at trial.  (Dkt. 36 ¶¶ 6, 9–10.)

Although the Disclosures were made before the close of discovery, because they were made only three days before the close of discovery, Defendant was effectively precluded from propounding discovery related to the Disclosures and deposing the newly-disclosed treatment providers.  And Plaintiffs indicate that they are evaluating using the information in the Disclosures to support their allegations of Ms. Kotchman's injuries and their claim for damages.  (Dkt. 36 ¶ 9.)  Thus, Plaintiffs have failed to show how the timing of the Disclosures is harmless to Defendant.  Also, Plaintiffs fail to provide any explanation of why some of the information in the Disclosures were disclosed on the eve of the discovery deadline when such information was available to Plaintiffs before the date of the Disclosures (e.g., Ms. Kotchman's October 17, 2016 and November 30, 2016 examinations).  Accordingly, Plaintiffs have not shown substantial justification for their delay in making the Disclosures.  *See Caruana v. Marcum*, No. 3:01-CV-1567, 2016 WL 4060691, at *3 (M.D. Tenn. July 28, 2016) (internal quotations omitted) ("Rule 26(e) does not give license to sandbag one's opponent with new information that should have been disclosed earlier.").

However, the Court concludes that the prejudice to Defendant can be ameliorated by reopening discovery for the limited purpose of permitting Defendant discovery regarding the Disclosures.  *See Engle v. Taco Bell of Am., Inc.*, No. 8:09-CV-2102-T-33TBM, 2011 WL 883639, at *2 (M.D. Fla. Mar. 14, 2011) (declining to strike a party's untimely-disclosed experts, but reopening discovery to allow plaintiffs to depose the experts before trial, reasoning that "[t]he reopening of discovery cures any prejudice that [plaintiffs] may have sustained due to untimely

disclosures"). Therefore, the Motion is denied, but discovery is reopened to allow Defendant to conduct discovery regarding the Disclosures. Discovery must conclude when trial commences. To the extent they have not done so already, Plaintiffs are reminded of their duty to supplement their initial and expert disclosures and discovery responses, Fed. R. Civ. P. 26(e)(1)(A), although the Court notes that Plaintiffs' deadline for expert disclosures has long since passed. (Dkt. 13 at 1.)

Accordingly, it is **ORDERED** that the Motion (Dkt. 34) is **DENIED**, but discovery is reopened through trial for the limited purpose of allowing Defendant to take discovery regarding the Disclosures.

**DONE** and **ORDERED** in Tampa, Florida, on January 17, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record