UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY L. KOTCHMAN and RONNIE S.
KOTCHMAN,

    Plaintiffs,

v.                                                Case No: 8:15-cv-2482-T-JSS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION
## TO TAX ATTORNEY'S FEES AND COSTS

THIS MATTER is before the Court on Defendant's Motion to Tax Attorney's Fees and Costs ("Motion"). (Dkt. 100.) In the Motion, Defendant seeks an order finding its entitlement to attorney's fees and costs pursuant to Section 768.79 of the Florida Statutes, the Florida offer of judgment statute. Plaintiffs have not filed a response to the Motion despite the Court's order, sua sponte, granting them an extension to do so. (Dkt. 102.) Accordingly, the Motion is deemed unopposed. (*Id.*) For the reasons that follow, the Motion is granted.

### BACKGROUND

This matter arises from a car accident that occurred on October 5, 2011, between Plaintiff Tracy Kotchman and non-party Rachel Price. (Dkt. 2.) Plaintiffs sued Defendant, their car insurer. (Dkt. 2.) In their Complaint, Mrs. Kotchman alleged she suffered personal injuries, and Plaintiff Ronnie Kotchman, Mrs. Kotchman's husband, alleged he suffered loss of consortium, as a result of the car accident. (Dkt. 2.)

On November 8, 2016, Defendant served a proposal for settlement on Mrs. Kotchman for $49,900 and a proposal for settlement on Mr. Kotchman for $100. (Dkts. 31, 32, 100-1.) Neither proposal for settlement was accepted. (Dkt. 100 ¶ 3.)

Plaintiffs' claims were tried during the week of March 27, 2017, before the undersigned. (Dkts. 86, 88, 91, 92.) The jury returned a verdict finding that Ms. Price was the legal cause of Mrs. Kotchman's loss, injury, or damage, and awarded her $8,200 as damages for her past medical expenses. (Dkt. 94.) The jury found that Mrs. Kotchman did not suffer a permanent injury. (*Id.*) Therefore, the jury did not reach the following questions: (1) the amount of Mrs. Kotchman's damages for pain and suffering, disability, physical impairment, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future; or (2) the amount of Mr. Kotchman's damages for loss of Mrs. Kotchman's comfort, society, and attention. (*Id.*) The jury did not award Mr. Kotchman any damages. (*Id.*)

Judgment was entered in Mrs. Kotchman's favor as to the first count of the Complaint in the amount of $8,200, and in Defendant's favor as to the second count of the Complaint. (Dkt. 99.)

## ANALYSIS

In the Motion, Defendant argues that it is entitled to its reasonable attorney's fees and costs pursuant to Section 768.79 of the Florida Statutes and Florida Rule of Civil Procedure 1.442, which govern offers of judgment. (Dkt. 100.) Specifically, Defendant contends that because the judgments obtained by Plaintiffs are at least twenty-five percent less than Defendant's offers to them, it is entitled to its reasonable attorney's fees and costs pursuant to Section 768.79. (Dkt. 48 at 2.) Therefore, Defendant requests an order finding its entitlement to its reasonable attorney's

fees and costs and states that it will provide supplemental filings regarding the amounts of its reasonable attorney's fees and costs. (Dkt. 100 ¶ 16.)

Section 768.79 of the Florida Statutes provides as follows:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if . . . the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award.

§ 768.79, Fla. Stat. (2016).[1] Section 768.79 is in Part II of Chapter 768, Florida Statutes, which "applies to any action for damages, whether in tort or in contract." *Id.* § 768.71(1); *Winter Park Imports, Inc. etc. v. JM Family Enterprises*, 66 So. 3d 336, 338 (Fla. 5th DCA 2011) (explaining that "[t]he statute applies to 'any civil action for damages'").

A party is entitled to attorney's fees under Section 768.79 "when the two preceding prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer." *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995), *approving Schmidt v. Fortner*, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993). The court may disallow an award of attorney's fees only if the court determines that the offer was not made in good faith. *Id.* at 612.

Here, on November 8, 2016, Defendant served proposals for settlement pursuant to Section 768.79, offering Mrs. Kotchman $49,900 and Mr. Kotchman $100 to resolve all damages that would otherwise be awarded in a final judgment in their favor. (Dkt. 100-1.) Defendant's

---

[1] Sitting in diversity jurisdiction, Section 768.79 of the Florida Statues is applicable as it is the substantive law of Florida, the forum state. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) ("It is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes."), *modified in part* by 311 F.3d 1077 (11th Cir. 2002).

proposals for settlement contained the content required by Section 768.79(2) and Florida Rule of Civil Procedure 1.442(c). *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376 (Fla. 2013) (emphasis in original) (explaining that because "[b]oth section 768.79 and rule 1.442 are in derogation of the common law rule that each party is responsible for its own attorney's fees . . . we strictly construe both the statute *and* the rule"). There is no evidence that the proposals for settlement were not made in good faith, and, as Plaintiffs did not respond to the Motion, they have made no such argument. *See Camejo v. Smith*, 774 So. 2d 28, 29 (Fla. 2d DCA 2000) ("The burden is on the offeree to prove the absence of good faith.").

The amounts recovered by Mrs. Kotchman ($8,200), and Mr. Kotchman ($0), are more than twenty-five percent less than Defendant's offers. As such, Defendant is entitled to "reasonable costs, including investigative expenses, and attorney's fees. . . incurred from the date the offer was served," which was November 8, 2016. § 768.79(1), (6)(a), Fla. Stat.; *e.g.*, *Strait v. Busch Entm't Corp.*, No. 8:05-1864T24MAP, 2007 WL 496605, at *3 (M.D. Fla. Feb. 12, 2007) (awarding defendant reasonable fees and costs because plaintiff rejected an offer that complied with the requirements of § 768.79 and plaintiff did not show that the offer was not made in good faith).

Accordingly, it is **ORDERED** that Defendant's Motion to Tax Attorney's Fees and Costs (Dkt. 100) is **GRANTED**. Within thirty (30) days of this Order, Defendant shall file an affidavit of its attorney's fees and costs, and any other documentation, evidence, and argument needed by

the Court to ascertain the amount of reasonable attorney's fees and costs to award.

**DONE** and **ORDERED** in Tampa, Florida, on June 5, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record