UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY L. KOTCHMAN and RONNIE S.
KOTCHMAN,

        Plaintiffs,

v.                                                                                          Case No: 8:15-cv-2482-T-JSS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Affidavit of Defendant's Attorney's Fees and

Costs ("Affidavit"). (Dkt. 104.) Previously, the Court granted Defendant's Motion to Tax

Attorney's Fees and Costs (Dkt. 100), finding Defendant entitled to its "reasonable costs, including

investigative expenses, and attorneys' fees" beginning on November 8, 2016, going forward,

pursuant to Florida's offer of judgment statute, Florida Statutes § 768.79. (Dkt. 103.) The Court

directed Defendant to file an affidavit of its attorneys' fees and costs (Dkt. 103), which is now

before the Court (Dkt. 104). For the reasons that follow, Defendant is directed to supplement its

Affidavit in order for the Court to assess the reasonable attorneys' fees and costs to award.

## ANALYSIS

**I.      Attorneys' Fees**

In this diversity action (Dkts. 1, 8), the substantive law of the state of Florida applies to the

determination of the reasonableness of attorneys' fees to award. *Trans Coastal Roofing Co. v.*

*David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002); *Kearney v. Auto-Owners Ins. Co.*, 713 F.

Supp. 2d 1369, 1373 (M.D. Fla. 2010) ("Just as a federal court must apply state law to determine

whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of fees.").

Florida courts, however, apply the federal lodestar approach as "a suitable foundation" for evaluating the reasonableness of a request for attorneys' fees. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar process first requires a determination of the number of hours reasonably expended on the litigation. *Id*. "Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee." *Id*. The burden is on the movant to present "records detailing the amount of work performed," in order for the court to "accurately assess the labor involved." *Id*. Courts may reduce the number of hours requested based on inadequate documentation or hours billed that are excessive or unnecessary. *Id*. "The 'novelty and difficulty of the question involved' should normally be reflected by the number of hours reasonably expended on the litigation." *Id*.

The Affidavit does not provide the Court with the information necessary to determine the numbers of hours reasonably expended on the litigation. Although the Affidavit provides the number of hours each attorney and paralegal expended on the case since November 8, 2016 (Dkt. 104 ¶¶ 8, 10), Defendant does not provide the corresponding billing records, which would contain descriptions of the services performed. Therefore, the Court is unable to determine whether the hours billed were reasonably expended. Accordingly, a supplemental affidavit with this information is required.

The Court must also determine the reasonable hourly rate for the attorneys and paralegals who provided Defendant legal services. *Rowe*, 472 So. 2d at 1150. The movant bears the burden of establishing the prevailing market rate, which means "the rate charged in that community by

lawyers of reasonably comparable skill, experience and reputation, for similar services." *Id.* at 1151. Although the Affidavit provides the billing rates charged by each attorney and paralegal performing services on Defendant's behalf (Dkt. 104 ¶¶ 8, 10), other than lead counsel Jamie McKean (Dkt. 104 ¶¶ 1, 5), there is no information regarding the skill, experience, and reputation of the other attorneys and paralegals. Therefore, a supplemental affidavit with information regarding the attorneys' and paralegals' skill, experience, and reputation is necessary.

Finally, Florida law also requires consideration of the following factors in evaluating the reasonable amount of attorneys' fees to award: (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. *Rowe*, 472 So. 2d at 1150–51, n.5 (explaining that "[t]hese factors are essentially the same as those considered by the federal courts in setting reasonable attorneys' fees" and citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)). In the Affidavit, Defendant's counsel does not discuss these factors.

## II.  Costs

Federal courts are bound by the limitations set out in 28 U.S.C. § 1920, meaning the categories of costs that may be taxed, absent explicit statutory or contractual authorization. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Taxable costs are limited to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded

transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920.

Defendant requests that the following costs be taxed: medical records, service of process, deposition transcripts, depositions, expert services, trial exhibits, expert depositions, court reporter, and surveillance. (Dkt. 104 ¶¶ 12, 13, 17.) However, Defendant's counsel avers that pursuant to 28 U.S.C. § 1920, "it appears that" only costs for medical records, deposition transcripts, and trial exhibits are taxable. (Dkt. 104 ¶ 19.) In a supplemental affidavit, to aid the Court's evaluation of Defendant's requests for costs, Defendant should specify how each requested cost is taxable under § 1920, e.g., whether Defendant's filing fees are taxable as "fees of the clerk"; whether the deposition transcripts were "necessarily obtained for use in the case"; whether Defendant seeks its costs for "medical records" and "trial exhibits" to be taxed as fees related to printing or as a cost of making copies of materials "necessarily obtained for use in the case"; and, generally, what the cost entry for "depositions" includes. *See* 28 U.S.C. § 1920.

Accordingly, it is **ORDERED** that Defendant is directed to supplement its Affidavit (Dkt. 104) within thirty (30) days of this Order pursuant to the instructions set forth herein, and Plaintiffs are directed to file objections, if any, to Defendant's Affidavit and any supplemental affidavit within fourteen (14) days of Defendant's filing a supplemental affidavit.

**DONE** and **ORDERED** in Tampa, Florida, on July 12, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 4 -

Copies furnished to:
Counsel of Record