UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY L. KOTCHMAN and RONNIE S. KOTCHMAN,

    Plaintiffs,

v.    Case No: 8:15-cv-2482-T-JSS

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

    Defendant.
_____/

# ORDER

THIS MATTER is before the Court on the affidavits filed by Defendant regarding its attorneys' fees and costs ("Affidavits") (Dkts. 104, 108–11). The Court found Defendant entitled to its "reasonable costs, including investigative expenses, and attorneys' fees" beginning on November 8, 2016, pursuant to Florida's offer of judgment statute, Section 768.79, Florida Statutes. (Dkts. 103, 105.) Further, the Court found Defendant the prevailing party for purposes of taxing costs. (Dkt. 106.) Plaintiffs have not filed objections to the Affidavits. For the reasons that follow, Defendant is awarded $48,384.50 in attorneys' fees and $1,337.99 in taxable costs.

## I. Attorneys' Fees

In this diversity action (Dkts. 1, 8), the substantive law of the state of Florida applies to the determination of the reasonableness of attorneys' fees to award. *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002); *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) ("Just as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of fees.").

Florida courts, however, apply the federal lodestar approach as "a suitable foundation" for evaluating the reasonableness of a request for attorneys' fees. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar process first requires a determination of the number of hours reasonably expended on the litigation. *Id.* "Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee." *Id.* The burden is on the movant to present "records detailing the amount of work performed," in order for the court to "accurately assess the labor involved." *Id.* Courts may reduce the number of hours requested based on inadequate documentation or hours billed that are excessive or unnecessary. *Id.* "The 'novelty and difficulty of the question involved' should normally be reflected by the number of hours reasonably expended on the litigation." *Id.*

Defendant requests fees of $48,384.50[1] for 364.6 hours of worked performed by its attorneys. (Dkts. 104, 108-1, 108-2.) Specifically, lead attorney Jamie McKean billed 65.1 hours; associate attorney Kendall (Obreza) Pfeifer, who was the second chair in the trial of this case, billed 220.8 hours; shareholder Adam Shelton billed 1.5 hours; shareholder Dale Parker billed 0.1 hours; associate attorney Eric Hogrefe billed 1.4 hours; associate attorney Alexandra Crittenden billed 7.3 hours; paralegal Joanna Merhi billed 65.5 hours; paralegal Susan Bennett billed 0.3 hours; and paralegal John O'Connor billed 2.6 hours. (Dkt. 104.)

Defendant's counsel submitted detailed records of the time billed to Defendant in this matter. (Dkts. 108-1, 108-2.) Upon review of these detailed billing records, the Court concludes that the 364.6 hours were reasonably expended on this litigation. Specifically, the billing records reflect that Defendant's counsel completed the following reasonably-undertaken tasks: preparing

---

[1] Although Defendant's attorneys billed Defendant a total of $49,278 (Dkts. 108-1, 108-2), Defendant seeks the amount it has paid its attorneys, which is $48,384.50. (Dkt. 104 ¶¶ 8–11, 14–15.)

the offers of settlement to Plaintiffs; responding to and propounding discovery; reviewing extensive non-party production; taking depositions; conferring with experts; reviewing Plaintiff Tracy Kotchman's medical records; researching applicable rules governing discovery to determine whether to file discovery-related motions; researching applicable law governing expert testimony and uninsured motorist coverage law to determine whether to file *Daubert* motions and motions in limine; preparing pretrial motions and other required filings; preparing for and attending status and pretrial conferences; preparing for and trying the case in a four-day trial; and preparing posttrial filings and reports to Defendant. (Dkts. 108-1, 108-2.) The time and labor involved was commensurate with Ms. Kotchman's extensive medical history, including accidents before and after the accident at issue in this case, which required voluminous non-party discovery. (See Dkt. 110.) This evidence was necessary to Defendant's presentation of its defenses regarding the medical expenses reasonably incurred by Ms. Kotchman as to the accident at issue in this case as well as the permanency of her injury. (*Id.*) Further, the billing records do show that unnecessary or excessive time was expended on this case. Accordingly, the Court concludes that the time expended on this litigation by Defendant's counsel was reasonable.

Next, the Court must determine the reasonable hourly rate for the attorneys and paralegals who provided Defendant legal services. *Rowe*, 472 So. 2d at 1150. The movant bears the burden of establishing the prevailing market rate, which means "the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services." *Id.* at 1151. The court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation omitted).

Defendant requests the following hourly rates for the attorneys and paralegals providing it legal services in this matter: $175 per hour for lead attorney Jamie McKean, who has practiced insurance defense law since 2009; $140 per hour for associate attorney Kendall (Obreza) Pfeifer, who has practiced insurance defense law since 2013; $175 per hour for shareholder Adam Shelton, who has practiced insurance defense law since 2002 and is a board certified civil trial lawyer; $175 per hour for shareholder Dale Parker, who has practiced insurance defense law since 1991 and is a board certified civil trial lawyer; $140 per hour for associate attorney Eric Hogrefe, who has practiced insurance defense law since 2014; $140 per hour for associate attorney Alexandra Crittenden, who has been licensed since 2012 and has practiced insurance defense law for one year; $80 per hour for paralegal Joanna Merhi, who has worked in the insurance defense industry since 2014 and has been a paralegal since 2015; $80 per hour for paralegal Susan Bennett, who has worked in the insurance defense industry since 1992 and has been a paralegal since 1994; and $80 per hour for paralegal John O'Connor, who has worked in the insurance defense industry since 2000 and has been a paralegal since 1992. (Dkts. 104, 109.)

Given the skill and experience of the professionals billing Defendant for their work in this matter, the Court concludes that the hourly rates of $175 per hour for shareholders' time and $140 per hour for associate attorneys' time are reasonably hourly rates. Specifically, these rates are in line with the prevailing market rates charged in this legal community for insurance defense. *See Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *14 (M.D. Fla. Jan. 25, 2012), *report and recommendation adopted,* No. 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) (concluding that $425, $275, and $200 per hour were reasonable hourly rates for attorneys based on the court's "knowledge of the prevailing market rate in Tampa for insurance litigators with comparable experience and skill, and the presentations of [the

attorneys] during court proceedings"); *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1269 (M.D. Fla. 2010) (reducing the hourly rate of an attorney with twenty years' experience from $400 to $275 per hour in an insurance coverage case, finding this rate consistent with the court's "knowledge of the prevailing market rate for insurance litigators with comparable experience and skill"). Further, $80 per hour for paralegals' time is also a reasonable hourly rate. *See Rynd*, 2012 WL 939387, at *14 (finding $95 per hour a reasonable hourly rate for a paralegal in Tampa working on a bad faith insurance case); *Kearney*, 713 F. Supp. 2d at 1377 (reducing a paralegal's hourly rate from $110 to $65 per hour in an insurance bad faith case).

Accordingly, the Court concludes that the appropriate lodestar in this case is $49,278, but awards Defendant the $48,384.50 it seeks, which represents the amount it has paid its counsel. (Dkt. 104 ¶¶ 8–11, 14–15.)

**II.     Costs**

Federal courts are bound by the limitations set out in 28 U.S.C. § 1920, meaning the categories of costs that may be taxed, absent explicit statutory or contractual authorization. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Taxable costs are limited to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920.

Defendant requests that the following costs be taxed: $643.20 in costs for obtaining copies of Ms. Kotchman's medical records, $537.50 in costs for obtaining deposition transcripts, and $157.29 in costs to create demonstrative exhibits for trial. (Dkt. 104 ¶ 19; Dkt. 111.) The Court

concludes that these costs are taxable.  *See* 28 U.S.C. § 1920.  First, Ms. Kotchman's medical and employment records were necessarily obtained in order for Defendant to assess Ms. Kotchman's claims and alleged damages.  (See Dkt. 111.)  Further, they were used by Defendant's experts to evaluate Ms. Kotchman's claims and by Defendant's counsel to prepare for depositions and as evidence presented at trial.  (*Id.*)  Next, the deposition transcripts were also necessarily obtained by Defendant for its counsel to prepare for examining witnesses at trial.  (*Id.*)  Finally, the enlarged photograph exhibits of the damage to the cars involved in the accident were necessarily obtained by Defendant to support its defense of the lack of the severity of the accident at issue.  (*Id.*)  Thus, Defendant is awarded a total of $1,337.99 in taxable costs pursuant to 28 U.S.C. § 1920.

Accordingly, it is **ORDERED** that Defendant, State Farm Mutual Automobile Insurance Co., is awarded $48,384.50 in attorneys' fees and $1,337.99 in taxable costs against Plaintiffs Tracy Kotchman and Ronnie Kotchman.

**DONE** and **ORDERED** in Tampa, Florida, on September 18, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record